Gega v. Holder

BIA
Straus, I.J.
A200 082 837

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

LEONARD GEGA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-5162
NAC

---

| | |
|---|---|
| FOR PETITIONER: | Elyssa N. Williams, Formica Williams, P.C., New Haven, Connecticut. |
| FOR RESPONDENT: | Stuart F. Delery, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part AND DENIED in part.

Petitioner Leonard Gega, a native and citizen of Albania, seeks review of a November 16, 2011, decision of the BIA affirming the June 14, 2010, decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Leonard Gega*, No. A200 082 837 (B.I.A. Nov. 16, 2011), *aff'g* No. A200 082 837 (Immig. Ct. Hartford June 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under

8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).  While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," in this case, Gega has challenged only purely factual determinations and the agency's exercise of discretion.  Therefore, we lack jurisdiction to review the agency's denial of asylum.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-31 (2d Cir. 2006).

Substantial evidence supports the agency's conclusion that, even if Gega suffered past persecution in Albania, fundamental changes in conditions in that country rebut the presumption that he has a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b).  As noted by the BIA, the 2006 Asylum Profile reflects that the Democratic Party – rather than the communists- is in power in Albania, and that "there are no indications of systemic political persecution" there.  Gega himself testified that the Democratic Party controls the police, and that the members of the Zyberi family who had previously threatened him were no longer members of the national or local police force.  Further, Gega testified

3

that his father and five siblings remain in Albania without harm. *See Matter of A-E-M-*, 21 I. & N. Dec. 1157, 1160 (BIA 1998) (finding that an applicant's claim of future persecution was undercut by the fact that his co-applicant and other relatives remained in Peru without harm after he left).

Gega argues that the agency erred in concluding that fundamental changes in Albania rebut the presumption that he has a well-founded fear of future persecution on the basis of religious persecution he experienced in Albania, rather than persecution motivated by his political opinion. Gega, however, points to nothing in the record that supports his claim that he would experience religious persecution if he returned to Albania. Absent "solid support" in the record that his fear is objectively reasonable, Gega's claim that he fears future persecution is "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).

Finally, because Gega offered no other evidence that he would likely be tortured in Albania, the agency did not err in denying his application for CAT relief as that claim was based on the same factual predicate as his asylum and withholding of removal claims. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk